UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK JOSEPH, a/k/a MARK GOLDBERG,

          Plaintiff,

   v.

KIRSCHENBAUM & PHILLIPS, P.C., GALAXY PORTFOLIOS, LLC, and ELITE RECOVERY SERVICES INC.,

          Defendants.

Civil Action No.:

## COMPLAINT
(Jury Trial Demanded)

Plaintiff, Mark Joseph a/k/a/ Mark Goldberg ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendants, Kirschenbaum & Phillips, P.C., ("K&P") Galaxy Portfolios, LLC ("Galaxy"), and Elite Recovery Services Inc., ("Elite" and together with K&P and Galaxy, "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2. The Court has supplemental over state law claims pursuant to 28 USC §1367.

3. Venue in this Court is proper because Plaintiff resides within the Southern District of New York and the events and/or omissions giving rise to the claims stated herein occurred within the Southern District of New York.

## NATURE OF THIS ACTION

4. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]) and New York Judiciary Law § 487.

## THE FDCPA

5. The FDCPA regulates the behavior of debt collectors attempting to collect debts on behalf of others or on their own behalf in the name of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

6. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading

practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7.     The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation.  The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

8.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor.  *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

**PARTIES**

9.     Plaintiff is a natural person residing in New York, New York.

10.    Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the FDCPA, and according to Defendant, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692a(5).

11.    Plaintiff suffers from severe and chronic depression and anxiety which conditions were severely exacerbated due to the unlawful conduct complained of herein.

12.     Upon information and belief, K&P, a law firm, is a New York professional corporation, with its principal place of business located at 40 Daniel St #7, Farmingdale, NY 11735.

13.     Upon information and belief, K&P is a debt collector, as defined by 15 U.S.C. §1692a(6) in that it uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

14.     Upon information and belief, Galaxy is a New York corporation with offices located 205 Bryant Woods South, Amherst, New York, 14228.

15.     Upon information and belief, Galaxy is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

16.     Upon information and belief, Elite is a New York corporation with offices located 255 Great Arrow Avenue, Second Floor, Suite 15, Buffalo, New York, 1420.

17.     Upon information and belief, Elite is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

## FACTS

18.     This action relates to Defendants' efforts to collect from Plaintiff an alleged debt originated by non-party Capital One Bank (the "Alleged Debt").

19.     The Alleged Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes and thus a "debt" as defined by 15 U.S.C. §1692a(5).

20. In or about 2008, Plaintiff was sued on the Alleged Debt in the Civil Court of the City of New York, New York County, by the law-firm, non-party, Forster & Garbus, LLP ("F&G") on behalf of its client defendant Elite under the caption *Elite Recovery Services vs. Mark Goldberg*, Index No.: 11023/2008 (the "Debt Collection Lawsuit"). It was alleged that Elite was assigned ownership of the Alleged Debt from Capital One Bank. The Debt Collection Lawsuit resulted in the entry of a default judgment in favor of Elite and against Plaintiff (the "Default Judgment").

21. Because the Debt Collection Lawsuit was never properly served on Plaintiff, on August 16, 2017 a stipulation was executed between Plaintiff and F&G vacating the Default Judgment and discontinuing the Debt Collection Lawsuit with prejudice (the "Stipulation"). A true and correct copy of the Stipulation is annexed hereto as Exhibit "A".

22. Thereafter, on or about November 21, 2017, K&P delivered a letter to Plaintiff that, among other things, attempted to collect the Alleged Debt on behalf of defendant Galaxy. A true and correct copy of the November 21st letter is annexed hereto as Exhibit "B".

23. On or about December 12, 2017, Plaintiff wrote to K&P requesting, among other things, verification of the debt it was attempting to collect on behalf of Galaxy. A true and correct copy of the December 12th letter is annexed hereto as Exhibit "C".

24. On or about December 19, 2017, K&P responded to Plaintiff's December 12, 2017 request for verification advising that Elite had had been assigned the Alleged

5

Debt from Galaxy. A true and correct copy of the December 19th letter is annexed hereto as Exhibit "D".

25. At all times relevant hereto, K&P was acting as the agent for Galaxy in its efforts to collect the Alleged Debt from Plaintiff.

26. Upon information and belief, the actions described herein are illustrative of a pattern and practice of K&P disseminating, *en masse,* debt collection communications, judgment enforcement devices and court pleadings produced by non-lawyers, at the instruction of non-lawyers and without meaningful lawyer review or supervision and without the application of any independent attorney judgment.

27. In the instant case, the lack of any meaningful attorney involvement resulted in K&P's attempt to collect the Default Judgment despite the fact that it had been vacated and that the Debt Collection Lawsuit had been discontinued with prejudice.

28. Upon information and belief, Defendants did not undertake any reasonable due diligence or take any steps to ensure that it was not assigning or attempting to collect a judgment that had been previously vacated with prejudice.

29. Upon information and belief, Defendants' debt collection abuses are part of the business plan developed by Defendants whose high volume consumer debt collection practices are more profitable by not conducting meaningful and effective review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false and deficient debt collection efforts.

30. As a result of Defendants' unlawful conduct complained of herein, Plaintiff has sustained actual damages including, but not limited to, injury to reputation, invasion of privacy, out-of-pocket expenses, pain, suffering, anxiety and mental anguish.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FDCPA**
(15 U.S.C. § 1692 *et. seq*. Against All Defendants)

31. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

32. By attempting to collect the Alleged Debt after the Default Judgment had been vacated and after the Debt Collection Lawsuit had been discontinued with prejudice, K&P and Galaxy violated the FDCPA by, including but not limited to, the following ways:

- (a) 15 U.S.C. §1692d - engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;
- (b) 15 U.S.C. §1692e(2) - making false representations of the character, amount, or legal status of the Alleged Debt;
- (c) 15 U.S.C. §1692e(3) - disseminating a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account;
- (d) 15 U.S.C. §1692e(5) - threatening, or by extension taking, action that cannot legally be taken;
- (e) 15 U.S.C. §1692e(10) - making false representations and using deceptive means to collect or attempt to collect the Alleged Debt;
- (f) Attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law - 15 U.S.C. §1692f;
- (g) 15 U.S.C. §1692f - otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

33. By assigning or attempting to assign the Alleged Debt to Galaxy after the Default Judgment had been vacated and after the Debt Collection Lawsuit had been

discontinued with prejudice, Elite violated the FDCPA by, including but not limited to, the following ways:

    (h)    15 U.S.C. §1692d - engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    (i)    15 U.S.C. §1692e(2) - making false representations of the character, amount, or legal status of the Alleged Debt;

    (j)    15 U.S.C. §1692e(3) - disseminating a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account;

    (k)    15 U.S.C. §1692e(5) - threatening, or by extension taking, action that cannot legally be taken;

    (l)    15 U.S.C. §1692e(10) - making false representations and using deceptive means to collect or attempt to collect the Alleged Debt;

    (m)    Attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law - 15 U.S.C. §1692f;

    (n)    15 U.S.C. §1692f - otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

34. As a result and consequence of Defendants' repeated violations of the FDCPA alleged herein, Plaintiff has been injured and Plaintiff is thus entitled to an award of damages in accordance with the FDCPA including statutory damage, pain, suffering, anxiety, mental anguish and attorney's fees.

## SECOND CAUSE OF ACTION
## NEW YORK JUDICIARY LAW
(New York Judiciary Law § 487 against K&P)

35. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

36. New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "willfully receives any

money or allowance for or on account of any money which he has not laid out or becomes answerable for."

37. Upon information and belief, K&P is guilty of deceit.

38. K&P perpetrated this deceit with intent to deceive the state court, and Plaintiff.

39. Specifically, upon information and belief, K&P knowingly and falsely represented that it had authority to collect the Default Judgment when it knew or should have known that the Default Judgment had been vacated and the Debt Collection Lawsuit had been discontinued with prejudice. Before representing that the Default Judgment had been assigned to Galaxy and before attempting to enforce the Default Judgment and collect the Alleged Debt, K&P had a duty to meaningfully review the facts and make a reasonable inquiry into the status of the Debt Collection Lawsuit, the Default Judgment and the Alleged Debt.

40. As a result of these false representations, Plaintiff has suffered actual damages, including, without limitation mental anguish, in that the actions of the Defendants exacerbated Plaintiff's depression, stress and anxiety, including loss of sleep.

41. K&P's false representations are, as described above, part of a larger, recurring policy and practice that is designed and has the effect of increasing K&P's profits by increasing the number of consumer accounts handled and lowering the cost of handling each account.

42. Plaintiff is entitled to treble his damages as a result of K&P's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

9

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against Defendants, based on the following requested relief:

On the First Cause of Action:

    (a)    Actual damages 15 U.S.C. § 1692k(a)(1);

    (b)    Statutory damages 15 U.S.C. § 1692k(a)(2);

    (c)    Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

On the Second Cause of Action:

    (a)    Treble damages,

    (b)    Costs and reasonable attorney's fees.

Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
       June 12, 2018

          **THE LAW OFFICES OF**
          **ROBERT J. NAHOUM, P.C.**
          *Attorneys for Plaintiff*

          By:_____
          **ROBERT J. NAHOUM**
          48 Burd Street, Suite 300
          Nyack, NY 10960
          (845) 450-2906
          rjn@nahoumlaw.com